2009 UT 87

**William BERNEAU, Plaintiff and Appellant,**

v.

**Cameron D. MARTINO aka David M. Cameron; and the Estate of Cameron D. Martino aka David M. Cameron, Defendants and Appellees.**

No. 20090134.

Supreme Court of Utah.

Dec. 29, 2009.

Mark T. Flickinger, Brett R. Boulton, Provo, for plaintiff.

Todd Turnblom, Tajha L. Ferrara, Salt Lake City, for defendants.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 Appellant and Plaintiff, William Berneau, brought suit against putative Appellees and Defendants, Cameron D. Martino (Decedent) and the Estate of Cameron D. Martino, for injuries arising out of an automobile accident. Shortly after the accident, but before Mr. Berneau filed suit, Mr. Martino died due to causes unrelated to the accident. No probate of Mr. Martino's estate followed, and no personal representative was appointed. Unaware of the death, Mr. Berneau timely filed his suit near the end of the four-year statute of limitations period. The district court dismissed the complaint because no personal representative for the estate had been appointed within three years of Mr. Martino's death as required by Utah Code section 75–3–107.

¶ 2 In this case we are asked whether a plaintiff may directly sue a decedent under the liability insurance exception of Utah Code section 75–3–803(4)(b). We hold that a plaintiff cannot because the Utah Uniform Probate Code requires the appointment of a personal representative. However, we also hold that because of the exceptional circumstances presented and the otherwise unjust result, the equitable discovery rule applies to toll the three-year probate limitations period.

## BACKGROUND

¶ 3 In reviewing a dismissal pursuant to Utah Rule of Civil Procedure 12(b)(6), "we assume that the factual allegations in the complaint are true and we draw all reasonable inferences in the light most favorable to the plaintiff." *Whipple v. Am. Fork Irrigation Co.*, 910 P.2d 1218, 1219 (Utah 1996).

¶ 4 On September 23, 2003, Mr. Berneau was injured in an automobile accident caused by Mr. Martino. On December 3, 2003, Mr. Martino passed away at age twenty-two due to causes unrelated to the accident. Mr. Berneau did not receive actual or constructive notice of the death. With no probate of Decedent's estate, and without Mr. Berneau's knowledge of the death, no personal representative was appointed within the three years following Mr. Martino's death.

¶ 5 In April 2004, counsel for Mr. Berneau informed Mr. Martino's insurer, State Farm Insurance (State Farm), of his client's intent to bring a claim for personal injuries. Counsel and State Farm engaged in ongoing written and verbal communications; neither was aware of Mr. Martino's death.

¶ 6 Still unaware of the death, Mr. Berneau timely filed his complaint against Mr. Martino on September 14, 2007, near the end of the four-year statute of limitations period prescribed by Utah Code section 78B–2–307. On October 4, 2007, State Farm learned of its insured's death; it subsequently informed Mr. Berneau of the death by letter dated February 4, 2008. Meanwhile, because Mr. Berneau failed to serve Mr. Martino within 120 days as required by Utah Rule of Civil Procedure 4(b)(i), the district court dismissed the complaint without prejudice.

¶ 7 Mr. Berneau refiled his complaint, this time naming Decedent's estate and Decedent as the defendants. Mr. Berneau did not attempt to appoint a personal representative for Decedent's estate. He did, however, file a motion for alternative service of process on State Farm's registered agent because service on Decedent was "impracticable and, in fact, impossible under the circumstances."

¶ 8 State Farm filed a motion to dismiss pursuant to Utah Rule of Civil Procedure 12(b)(6). It argued that the complaint was time barred for failure to appoint a personal representative within the three-year period set by Utah Code section 75–3–107. The district court agreed and dismissed the complaint. Mr. Berneau appealed. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j) (2008).

## STANDARD OF REVIEW

¶ 9 The dismissal of a complaint for failure to state a claim upon which relief can be granted presents a question of law, which we review for correctness. *Summit Water Distrib. Co. v. Summit County*, 2005 UT 73, ¶ 12, 123 P.3d 437. Also, we review the interpretation and application of a statute for correctness, granting no deference to the district court's legal conclusions. *Savage v. Utah Youth Vill.*, 2004 UT 102, ¶ 17, 104 P.3d 1242.

## ANALYSIS

¶ 10 The issue presented on this appeal is whether, despite the failure to appoint a personal representative within the statutory three-year period after a decedent's death as required by Utah Code sections 75–3–104 and –107, a plaintiff can sue a decedent under the liability insurance exception of Utah Code section 75–3–803(4)(b). We consider first whether the plain language of the exception permits suit directly against a decedent. We hold that it does not, given the statutory scheme's requirement of a personal representative, and out of practical necessity. Nonetheless, we conclude that the legislature did not intend to foreclose an action for the sole recovery of liability insurance proceeds. We therefore address whether the equitable discovery rule should toll the three-year limitations period for appointment of a personal representative to permit such an action. We hold that under the limited circumstances present in this case, an equitable tolling of section 75–3–107 is appropriate.

## I. THE LIABILITY INSURANCE EXCEPTION OF SECTION 75–3–803(4)(B) DOES NOT PERMIT SUIT AGAINST A DECEDENT

¶ 11 Mr. Berneau argues that the plain language of the liability exception of Utah Code section 75–3–803(4)(b) allows him to sue a dead person. We disagree. Instead, as advocated by counsel for Mr. Martino and his estate, a plain reading does not permit suit against a deceased, but rather should be interpreted in harmony with the statute in

which it is found and the related provisions of the Utah Uniform Probate Code.

 ¶ 12 We look first to the plain language of the statutes to determine their meaning and to discern the intent of the legislature. *Sill v. Hart,* 2007 UT 45, ¶ 7, 162 P.3d 1099; *Gohler v. Wood,* 919 P.2d 561, 562 (Utah 1996). We also examine "the purpose of the statute . . . and its relation to other statutes." *R & R Indus. Park, L.L.C. v. Utah Prop. & Cas. Ins. Guar. Ass'n,* 2008 UT 80, ¶ 23, 199 P.3d 917. Provisions within a statute are interpreted "in harmony with other provisions in the same statute and with other statutes under the same and related chapters." *State v. Schofield,* 2002 UT 132, ¶ 8, 63 P.3d 667 (internal quotation marks omitted). "We do so because '[a] statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole.'" *Sill,* 2007 UT 45, ¶ 7, 162 P.3d 1099 (alteration in original) (quoting *State v. Maestas,* 2002 UT 123, ¶ 54, 63 P.3d 621). Moreover, we avoid an interpretation that would "embrace a result . . . so absurd that it could not have been intended by the legislature." *Tschaggeny v. Milbank Ins. Co.,* 2007 UT 37, ¶ 28, 163 P.3d 615 (citations omitted).

 ¶ 13 Section 75-3-803 of the Utah Code is a nonclaim statute. It imposes a general time limitation on "[a]ll claims against a decedent's estate which arose before the death of the decedent." Utah Code Ann. § 75-3-803(1) (1993). Specifically, the statute limits the time for presentation of such claims to one year after a decedent's death or within a shorter time frame if actual or published notice is given. *Id.* An exception to this general limitation exists, however. Section 75-3-803(4) states:

"Nothing in this section affects or prevents . . . (b) to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the person-

al representative for which he is protected by liability insurance . . . ."

*Id.* § 75-3-803(4).

¶ 14 Mr. Berneau argues that this liability insurance exception permits him to bring an action directly against Decedent. He focuses on the phrase, "liability of the decedent *or* the personal representative." *Id.* (emphasis added). He argues that a plain reading of this disjunctive language demonstrates the intent of the legislature to permit actions directly against a decedent. But such a reading would conflict with statutory construction, disregard the notion of personal jurisdiction, and result in practical difficulties.

¶ 15 Construing the exception in harmony with the other provisions of the section, the purpose of section 75-3-803 is to limit the time in which claims may be presented against a decedent's *estate. See Trimble v. Engelking,* 130 Idaho 300, 939 P.2d 1379, 1380-81 (1997) (construing that an identical liability insurance exception "does not state that a plaintiff can directly sue a decedent, as opposed to his estate, to prove such liability").

¶ 16 The language upon which Mr. Berneau relies merely distinguishes between the separate liability of a decedent and a personal representative, who may of course be sued for wrongdoing. All claims against *both* must be pursued against the representative. The statutory scheme of the Utah Uniform Probate Code, specifically sections 75-3-104 and -107, clearly provides that all claims must be brought against the personal representative of a decedent's estate. Section 75-3-104 reads, "No proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative." Utah Code Ann. § 75-3-104. As the Editorial Board Comment to section 75-3-104 notes, "Creditors of a decedent are interested persons who may seek the appointment of a personal representative" under section 75-3-301. *Id.* editorial bd. cmt. Pursuant to section 75-3-107, an appointment proceeding may not "be commenced more than three years after the decedent's death."[1] *Id.* § 75-3-107(1). Therefore, if

---

1. Exceptions to the three-year limitations period exist, but, none are applicable to this case. *See*

Utah Code Ann. § 75-3-107(1)(a)-(c) (1993).

no appointment of a personal representative is made within three years of the decedent's death, a claim against the decedent's estate is barred. *See also id.* editorial bd. cmt. ("[T]he three-year statute of limitations applies to bar appointment of a personal representative after the basic period has passed."); *In re Estate of Kruzynski,* 744 A.2d 1054, 1056 (Me.2000) (interpreting an identical liability insurance exception to mean that "[c]laims cannot be presented to an estate until there is a personal representative" and that the exception does not apply to "the three-year time limitation").

¶ 17 Despite this harmonious interpretation, Mr. Berneau argues that there is no need for a personal representative in his case because he is not attempting to recover against and disrupt the estate of Decedent. Rather, he seeks only the liability insurance proceeds. Mr. Berneau points out that the legislature has set a four-year time limit for his cause of action. *See* Utah Code Ann. § 78B–2–307 (2008). The legislature ensures that such tort causes of action for personal injury "[do] not abate upon the death of the wrongdoer." *Id.* § 78B–3–107(1)(a). Elsewhere, the legislature mandates liability insurance for owners and operators of motor vehicles. *Id.* § 41–12a–301 (2005 & Supp. 2008). These enactments, along with the liability insurance exception, manifest the legislature's intent to allow an injured party to recover up to the limits of liability insurance protection without disrupting a decedent's estate. While we agree that such an intent for recovery exists and that this limited recovery would not disrupt the estate,[2]

the appointment of a personal representative is nonetheless a necessity.

¶ 18 This necessity becomes clear when the practicalities are considered. Courts do not have personal jurisdiction over deceased persons. *Ramirez v. Lembcke,* 191 Or.App. 70, 80 P.3d 510, 512 (2003). Further, as Mr. Berneau encountered in the first dismissal of his complaint for failure to serve, a lawsuit against a decedent creates practical problems. Mr. Berneau attempted to remedy this "impracticability" by alternatively serving the registered agent of State Farm. But "[i]n Utah, a plaintiff must direct his action against the actual tortfeasor, not the insurer." *Campbell v. Stagg,* 596 P.2d 1037, 1039 (Utah 1979).[3] Therefore, "by necessity, a plaintiff must ... obtain appointment of a personal representative to give a trial court personal jurisdiction over the estate whether or not the decedent was covered by liability insurance" and to overcome the obvious practical difficulties that emerge in suing a deceased person. *Hamilton v. Blackman,* 915 P.2d 1210, 1216 (Alaska 1996); *see also Pezzi v. Brown,* 697 So.2d 883, 885 (Fla.Dist.Ct. App.1997) (holding that in the plaintiffs' attempt to recover only liability insurance proceeds, "the personal representative was still the proper nominal party in a lawsuit to establish liability of the decedent tort-feasor").

¶ 19 We therefore decline to read the insurance liability exception of Utah Code section 75–3–803(4)(b) as permitting suit directly against a deceased person. Although the exception renders inapplicable the strict time limits of subsection 75–3–

---

**2.** Although a liability insurance contract may be considered an asset of an estate, "[t]ort claims filed against an estate under the liability insurance exception do not affect the interests of the beneficiaries under the estate and thus present no obstacle to an orderly and exact administration of the estate." *In re Estate of Daigle,* 634 P.2d 71, 78 (Colo.1981) (internal quotation marks omitted). Indeed, "[r]ecovery in such instances is limited to the liability insurance proceeds. Neither the claims of general creditors nor the interests of heirs and devisees will be adversely affected by the liability insurance exception." *Id.*

**3.** This rule arises in automobile insurance cases because there is no "privity of contract between

the [injured party] and the [tortfeasor's] insurer," nor has the insurer "committed [any] act making it liable in tort to [the injured party]." *Davis County v. Jensen,* 2003 UT App 444, ¶¶ 13, 15, 83 P.3d 405 (first and second alterations in original) (internal quotation marks omitted). And although a direct action statute would allow for suit directly against a tortfeasor's insurer, no such statute exists in Utah. *See id.* ¶¶ 12–13; *cf.* R.I. Gen. Laws § 27–7–2 (2009) (stating that an injured party "may proceed directly against the insurer" where "before suit has been brought and probate proceedings have not been initiated the insured has died").

803(1), it does not obviate the requirement of a personal representative or the time period within which one must be appointed.

¶ 20 Mr. Berneau concedes that despite his compliance with the applicable four-year statute of limitations for his tort cause of action, which seeks only liability insurance proceeds, he did not seek an appointment of a personal representative within the three years following Mr. Martino's death. He failed to do so because he did not know about the unexpected death of the young Mr. Martino. While this failure would ordinarily bar Mr. Berneau's claim, we do not think the legislature intended to permit an injured party to seek the limited recovery of liability insurance proceeds within the statutory four-year limit for tort claims, yet bar that same claim for failure to appoint a personal representative within three years of an unknown death. Faced with these circumstances, we have three choices: the court could "closely adhere to the statute which in its wording makes no allowance for the unusual circumstance of the death not being discovered until after the period of limitations had run"; usurp the legislative prerogative by carving out an exception to the statutory language; or judicially apply the equitable discovery rule. *Myers v. McDonald*, 635 P.2d 84, 87–88 (Utah 1981) (Howe, J., concurring). We turn to the most compelling option, the equitable discovery rule.

## II. THE EQUITABLE DISCOVERY RULE MAY APPLY TO TOLL THE THREE–YEAR LIMITATIONS PERIOD FOR APPOINTMENT OF A PERSONAL REPRESENTATIVE

¶ 21 Although the liability insurance exception of Utah Code section 75–3–803(4)(b) does not permit suit directly against a decedent, the failure here to appoint a personal representative within three years after Mr. Martino's death does not necessarily time bar Mr. Berneau's suit. The legislature clearly intended to allow an injured party to recover liability insurance proceeds. Utah Code Ann. § 75–3–803(4)(b) (1993). It also assigned a general tort cause of action a four-year statute of limitations, expressly stated that a tort cause of action survives a

tortfeasor's death, and mandated liability insurance for owners and operators of motor vehicles. *See id.* § 78B–2–307 (2008); *id.* § 78B–3–107; *id.* § 41–12a–301 (2005 & Supp. 2008). Given these legislative enactments, and to avoid an unjust and unintended result, we hold that where the recovery sought is limited to liability insurance proceeds, and the death of the tortfeasor was not reasonably known by the plaintiff, the equitable discovery rule applies to toll the three-year limitations period for appointment of a personal representative.

¶ 22 Although a statute of limitations generally begins to run upon the completion of a cause of action, "the discovery rule may nonetheless operate to toll a statute of limitations until the time at which a party discovered or reasonably should have discovered facts forming the basis for the cause of action." *In re Hoopiiaina Trust*, 2006 UT 53, ¶ 35, 144 P.3d 1129 (internal quotation marks omitted). Indeed, "in a system where a statute of limitations controls a potential plaintiff's ability to file a cause of action, the discovery rule balances the equitable interests of the potential plaintiff and defendant where the potential plaintiff has discovered [new] facts forming the basis for the cause of action." *Beaver County v. Prop. Tax Div. of the Utah State Tax Comm'n*, 2006 UT 6, ¶ 53, 128 P.3d 1187 (Durham, C.J., concurring in the result)(alteration in original) (internal quotation marks omitted).

¶ 23 For the equitable discovery rule to apply, one of two situations must exist: (1) "a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct" or (2) "the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action." *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 25, 108 P.3d 741 (internal quotation marks omitted). Yet before a statute of limitations may be tolled under either situation, the plaintiff must make an initial showing that he did not know nor should have reasonably known the facts underlying the cause of action in time to reasonably comply

with the limitations period. *See Allred v. Allred,* 2008 UT 22, ¶ 37, 182 P.3d 337; *Sevy v. Sec. Title Co.,* 902 P.2d 629, 634 (Utah 1995). This knowledge may be actual or constructive. *Russell Packard Dev., Inc.,* 2005 UT 14, ¶ 22, 108 P.3d 741. The determination of the initial showing is a question of fact. *Ockey v. Lehmer,* 2008 UT 37, ¶ 34, 189 P.3d 51. "The ultimate determination of whether a case presents exceptional circumstances" is a question of law and turns on a balancing test. *Warren v. Provo City Corp.,* 838 P.2d 1125, 1129 (Utah 1992); *Ockey,* 2008 UT 37, ¶ 34, 189 P.3d 51. This balancing test examines "[t]he hardship the statute of limitations would impose on the plaintiff ... [against] any prejudice to the defendant from difficulties of proof caused by the passage of time." *Myers v. McDonald,* 635 P.2d 84, 87 (Utah 1981).

¶ 24 In *Myers,* the court adopted and addressed this balancing test to determine whether exceptional circumstances warranted application of the equitable discovery rule. *Id.* at 86–87. In that case, a minor had disappeared. *Id.* at 85. His guardians contacted police to report the disappearance, and the police listed the minor as a runaway. *Id.* Meanwhile, a newspaper reported an automobile accident in November 1976 in which a boy, with a different name and description, was killed. *Id.* In July 1979, the guardians discovered that the accident victim was their ward. Subsequently, the guardians brought an action for the wrongful death of their ward. *Id.* However, the district court dismissed their wrongful death action because the plaintiffs filed it beyond the two-year statute of limitations period. *Id.*

¶ 25 In determining whether the exceptional circumstances of the equitable discovery rule applied, the court reasoned that "despite [the plaintiffs'] efforts to discover [the minor's] whereabouts plaintiffs had no knowledge of their ward's death and therefore no knowledge that a cause of action existed until after the two-year limitations period had expired." *Id.* at 86–87. The court then applied the balancing test. Because the defendant

suffered no greater prejudice than the plaintiffs regarding problems of proof and the plaintiffs' only alternative was to bring the action after the statute of limitations had expired, the court held that exceptional circumstances existed that warranted application of the equitable discovery rule. *Id.* at 87.

¶ 26 In this case, although the death of Mr. Martino does not form an element in Mr. Berneau's tort cause of action, the death does prevent Mr. Berneau from filing the cause of action without the appointment of a personal representative. Moreover, assuming the allegations in the complaint to be true, as we are required to do in reviewing a dismissal under Utah Rule of Civil Procedure 12(b)(6), Mr. Berneau meets the initial showing for an application of the equitable discovery rule. Within three months of the accident on September 23, 2003, Mr. Martino unexpectedly passed away at the age of twenty-two, due to causes unrelated to the accident. Also, Mr. Berneau's counsel timely informed Mr. Martino's insurer, State Farm, of his client's intent to bring a personal injury claim. Despite ongoing written and verbal communications concerning the claim, State Farm itself did not learn of its insured's death until October 4, 2007,[4] and Mr. Berneau did not learn of the death until February 4, 2008, well outside the three-year period for appointment of a personal representative. Mr. Berneau therefore did not know nor should he reasonably have known of Mr. Martino's death in time to seek the appointment of a personal representative. Accordingly, Mr. Berneau satisfies the initial showing.

¶ 27 Furthermore, the case presents exceptional circumstances and an otherwise unjust result. This is an unusual situation, one which we have not seen and one that likely was not anticipated by the legislature. The statutory scheme shows that the legislature intended both to permit an injured party to bring a general tort cause of action in four years, and to recover up to the limits of liability insurance coverage from a deceased

---

4. Had State Farm learned of its insured's death within the three-year period for appointment of a personal representative and yet concealed that fact from Mr. Berneau, a tolling may have been

appropriate under the concealment or misleading conduct situation of the equitable discovery rule. Since no such concealment has been alleged, we do not address this issue.

tortfeasor's insurer. Yet when, as here, a deceased tortfeasor dies within one year of an accident and the tortfeasor's death is not reasonably known to the injured party, the injured party's claim is prematurely terminated before the filing of an otherwise timely suit. In short, Mr. Berneau's action was cut off before it began.[5]

¶ 28 Applying the balancing test, we conclude that the hardship the three-year limitations period imposes on Mr. Berneau outweighs any prejudice to the potential personal representative named as the defendant. If Mr. Berneau is "denied the opportunity of proceeding with [his] action, the law would be in the untenable position of having created a remedy for [Mr. Berneau] and then barring [him] from exercising it before [he] had any practical opportunity to do so." *Myers*, 635 P.2d at 87. In contrast, the potential personal representative will experience no more prejudice in defending a stale claim than Mr. Berneau will face in prosecuting his claim.

¶ 29 Accordingly, we hold that under the facts alleged, exceptional circumstances exist to warrant application of the equitable discovery rule to toll section 75–3–107's three-year limitations period for appointment of a personal representative. We therefore reverse the order dismissing Mr. Berneau's complaint and remand to the district court so that Mr. Berneau may have the opportunity to seek the appointment of a personal representative for Mr. Martino's estate.

¶ 30 Finally, we emphasize that equitable tolling must be carefully applied. As we have noted before, "liberal tolling could potentially cause greater hardships than it would ultimately relieve." *Estes v. Tibbs*,

1999 UT 52, ¶ 7, 979 P.2d 823. This is especially true in matters involving a decedent's estate. The need for finality in estate assets trumps any equitable tolling, even if irrational or unjust. Harsh requirements are typical in estate matters and the legislature purposely sets strict time limits for efficient and final administration of estates. We have applied the equitable discovery rule in this case because the legislature clearly intended to allow an injured tortfeasor to recover up "to the limits of the [liability] insurance protection only." Utah Code Ann. § 75–3–803(4)(b). Therefore, because Mr. Berneau's claim is limited to the proceeds of Decedent's insurance policy, there is no exposure for his estate or any beneficiaries.[6]

## CONCLUSION

¶ 31 We hold that the liability insurance exception of Utah Code section 78–3–803(4)(b) does not permit Mr. Berneau to directly sue the deceased Mr. Martino. Instead, as dictated by sections 75–3–104 and –107, a personal representative must be appointed and that appointment must generally take place within three years after the decedent's death.

¶ 32 However, despite Mr. Berneau's failure to meet the three-year deadline, we hold that given the exceptional circumstances alleged and the otherwise unjust result, the equitable discovery rule applies to toll the three-year limitations period in this case. On remand, Mr. Berneau will have until February 4, 2011, three years after he learned of Mr. Martino's death, to seek appointment of a personal representative. If he fails to do so, his action will be time barred for failure to comply with section 75–3–107. Also on

---

5. As was similarly noted by Justice Howe in his concurrence in *Myers v. McDonald*, "there may well be a denial of constitutional rights [pursuant to the open courts clause of Utah Constitution, Article I, section 11] in foreclosing persons from access to the court under these unusual circumstances." 635 P.2d 84, 88 (Utah 1981). The proper application of the equitable discovery rule avoids any such potential constitutional violation.

6. We note that this equitable solution of the discovery rule accords with the decisions of other courts that resolve similar dilemmas involving

a deceased tortfeasor. *See, e.g., In re Estate of Chase*, 125 Ariz. 270, 609 P.2d 85, 89 (Ct.App. 1980) (allowing court to reopen an estate for the filing of a suit under the liability insurance exception so long as "there is no effect on the *in rem* concept of finality in respect to the decrees of settlement, and if no rights settled by those decrees are affected"); *Mach v. Schmer*, 4 Neb. App. 819, 550 N.W.2d 385, 392 (1996) (noting that where a claim is sought under the liability insurance exception, the estate may be "reopened for the limited purpose of service of process in the civil action to establish liability").

remand, although an initial showing regarding the plaintiff's knowledge is generally required, this case necessitates, in accordance with our ruling in Part I, that a personal representative be appointed first. If after. the appointment of a personal representative, it is found that Mr. Berneau knew or reasonably should have known of Mr. Martino's death in such time that his tort action would not have been unreasonably and prematurely cut off, and no alternate theory of concealment or misleading is proven, then the equitable discovery rule will not apply and Mr. Berneau's complaint should be dismissed pursuant to Utah Code section 75-3-107. Accordingly, we remand the case to the district court for proceedings consistent with this opinion.

¶ 33 Associate Chief Justice DURRANT, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM'S opinion.