*This opinion is subject to revision before
publication in the Pacific Reporter*

**2013 UT 66**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

GERARDO THOMAS GARZA,
*Plaintiff and Appellant,*

*v.*

TROY BURNETT,
*Defendant and Appellee.*

No. 20120180
Filed November 1, 2013

On Certification from the United States Court of Appeals

Michael D. Zimmerman, Amber M. Mettler,
Salt Lake City, for appellant

Heather S. White, R. Scott Young,
Salt Lake City, for appellee

ASSOCIATE CHIEF JUSTICE NEHRING authored the opinion of the
Court, in which CHIEF JUSTICE DURRANT, JUSTICE DURHAM,
JUSTICE PARRISH, and JUSTICE LEE joined.

ASSOCIATE CHIEF JUSTICE NEHRING, opinion of the Court:

## INTRODUCTION

¶ 1 We have agreed to answer the following question
certified to us by the United States Court of Appeals for the Tenth
Circuit:

Under Tenth Circuit decisions at the time Gerardo
Thomas Garza filed his complaint, approximately two
years remained in [the] limitations period [before his
claim would become time-barred]. A Supreme Court
decision soon after filing, however, overturned those
decisions and rendered his complaint approximately
ten months late. Under Utah law, does an

intervening change in controlling circuit law merit equitable tolling under these circumstances?[1]

¶ 2  For the reasons set forth below, we hold that an intervening change in law does merit equitable tolling.

## BACKGROUND

¶ 3  We recite the facts as stated in the certification order from the Tenth Circuit Court of Appeals.[2]  On April 19, 2002, Ogden City Police Officer Troy Burnett and another officer performed a "knock and talk" investigation of a motel room.  A woman answered the door and permitted the officers to enter.  Upon entering, the officers heard the bathroom door slam.  They asked the woman who was in the bathroom and she replied that her boyfriend was inside.  The officers entered the bathroom without permission and found Gerardo Thomas Garza inside with a gun and methamphetamine.  Mr. Garza was arrested and charged with possession of a firearm by a felon and possession of methamphetamine, both in violation of federal law.  Before trial, Mr. Garza challenged the constitutionality of the search and sought to exclude the evidence obtained from it, but failed.  Mr. Garza then entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion to suppress.  The district court sentenced Mr. Garza to thirty-seven months imprisonment and three years supervised release.  Mr. Garza appealed.  On February 2, 2005, the Tenth Circuit overturned Mr. Garza's conviction, holding that the officers' search of the motel bathroom was unreasonable under the Fourth Amendment.[3]  Mr. Garza subsequently brought a claim under 42 U.S.C. § 1983 against Officer Burnett in federal court on February 16, 2007, based on that unreasonable search.[4]

---

[1] *Garza v. Burnett*, 672 F.3d 1217, 1222 (10th Cir. 2012).

[2] *Garza v. Burnett*, 672 F.3d 1217 (10th Cir. 2012).

[3] *United States v. Garza,* 125 F. App'x 927, 932–33 (10th Cir.).

[4] Technically, Mr. Garza's complaint was received by the court on February 16, 2007, but "was not filed until after the court approved his motion to proceed in forma pauperis on April 5, 2007." *Garza*, 672 F.3d at 1219 n.1.  The Tenth Circuit determined that "the filing date relates back to the date of the complaint's

(con't.)

¶ 4  Shortly after Mr. Garza filed his claim, the United States Supreme Court issued its opinion in *Wallace v. Kato*, clarifying when certain § 1983 claims accrue.[5]  Almost two years later, on January 29, 2009, Officer Burnett moved for summary judgment. He claimed that Mr. Garza's claim was barred by the statute of limitations.  Mr. Garza opposed the motion for summary judgment.  He argued that he was entitled to equitable tolling of the limitations period because *Wallace* changed the law affecting the accrual of his claim.  The district court granted Officer Burnett's motion.  The court concluded that, as a result of *Wallace*, Mr. Garza's claim accrued on the date the Fourth Amendment violation occurred and Mr. Garza was not entitled to equitable tolling, and therefore Mr. Garza's claim was untimely.

¶ 5  The parties agree that state law determines the length of the statute of limitations period, and federal law governs the accrual date of the cause of action.[6]  Thus, it is clear under Utah law that a four-year statute of limitations applies to Mr. Garza's § 1983 claim.[7]  However, the question of when the limitations period began to run in this case is complicated.  Four days after Mr. Garza filed his complaint in February 2007, the Supreme Court issued *Wallace*, which overturned then-existing Tenth Circuit law regarding the accrual date for § 1983 claims.[8]

¶ 6  Under Tenth Circuit precedent at the time of Mr. Garza's conviction, a § 1983 claim was not cognizable if it would render

---

receipt under these circumstances," and thus we treat February 16, 2007 as the filing date.  *Id.*

[5] 549 U.S. 384, 391–92 (2007).

[6] It is well settled, and the parties agree, that federal law governs the issue of when a § 1983 claim accrues and state law dictates the length of the statute of limitations for a § 1983 claim—the same period as provided for personal injury torts.  *Id.* at 387–88.

[7] UTAH CODE § 78B-2-307(3); *see Jepson v. State Dep't of Corr.*, 846 P.2d 485, 488 (Utah Ct. App. 1993) (applying a four-year limitation to a personal injury suit).

[8] *Garza*, 672 F.3d at 1220.

invalid a plaintiff's conviction or sentence.[9] This precedent was based on the Tenth Circuit's interpretation of *Heck v. Humphrey*, wherein the United States Supreme Court determined that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."[10] Before *Wallace*, the Tenth Circuit interpreted the *Heck* bar of deferred accrual to apply "to both extant and anticipated convictions."[11] Therefore, under the rule in place when he was convicted, Mr. Garza could not have brought his § 1983 claim before the Tenth Circuit overturned his conviction. Had he attempted to do so, it would have been dismissed.[12] Under the law existing at the time, the statute of limitations did not run on Mr. Garza's § 1983 claim while he was incarcerated. Indeed, he did not have a claim until his conviction was overturned on February 2, 2005. "Thus, under circuit precedent on the date of filing, [Mr.] Garza's accrual date would have been February 2, 2005 and his complaint would have been filed well within the four-year limitations period."[13]

¶ 7 However, in February 2007, the Supreme Court clarified the scope of *Heck* in *Wallace*. The Court held that *Heck*'s deferred accrual bar applies only when success in a § 1983 action would impugn an extant conviction, and it does not apply to anticipated convictions.[14] In other words, if a plaintiff is convicted *at the time* that a § 1983 claim accrues, then accrual of the claim would be deferred. But the mere possibility of a future prosecution or

---

[9] *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999).

[10] 512 U.S. 477, 489–90 (1994).

[11] *Garza*, 672 F.3d at 1218.

[12] Although defendants argue the *Heck* bar was inapplicable to Mr. Garza's claims all along, in certifying this question to us, the Tenth Circuit concluded that they "would have applied the *Heck* bar to [Mr.] Garza's suit had it been brought prior to [its] order reversing his conviction." *Id.* at 1220.

[13] *Id.*

[14] 549 U.S. at 393.

conviction does not defer accrual of a § 1983 claim.[15] So in this case, because Mr. Garza could have brought his § 1983 claim for the illegal search before his conviction, "his limitations period began to run on the date of the unconstitutional search, rendering his complaint untimely."[16] Consequently, *Wallace* retroactively rendered Mr. Garza's claim untimely by transforming the accrual date from February 2005 to April 2002.

¶ 8 The district court applied the *Wallace* rule and concluded that Mr. Garza's § 1983 claims based on the unreasonable search accrued on the date of the challenged search, April 19, 2002, and were not tolled under federal law by his later conviction. Thus, the district court ruled that the statute of limitations for Mr. Garza's claims expired on April 18, 2006—four years after the date of the search—and his complaint was untimely. The district court further determined that Utah's doctrine of equitable tolling did not apply because Mr. Garza had "not shown that he was unable to assert his rights within the limitations period" and had "inexcusably and unreasonably slept on [his] rights, making him ineligible for equitable tolling under Utah law."[17] Consequently, the district court entered summary judgment in favor of Officer Burnett. Mr. Garza appealed to the Tenth Circuit, arguing that the intervening change in law brought about by *Wallace* entitled him to equitable tolling under Utah law. Mr. Garza also moved to certify the equitable tolling question to this Court. We accepted the invitation to answer the certified question. We have jurisdiction under Utah Code section 78A–3–102(1).

## STANDARD OF REVIEW

¶ 9 "On a certified question, we are not presented with a decision to affirm or reverse, and traditional standards of review

---

[15] *Id.*

[16] *Garza*, 672 F.3d at 1221.

[17] *Garza v. Burnett*, No. 1:06-CV-134DAK, 2010 WL 1212084, at *4, *5 (D. Utah Mar. 23, 2010) (alteration in original) (internal quotation marks omitted).

do not apply.  Therefore, [o]n certification, we answer the legal questions presented without resolving the underlying dispute."[18]

**ANALYSIS**

¶ 10 In certifying this question to us, the Tenth Circuit correctly notes that "the doctrine of equitable tolling 'has been developed almost exclusively through application of the discovery rule.'"[19]  Indeed, "[n]o Utah court has ever found occasion to equitably toll a limitations period when there has not first been a demonstration that the party seeking the tolling could invoke the discovery rule."[20]  An essential prerequisite to application of the discovery rule is that a plaintiff "did not know nor should have reasonably known the facts underlying the cause of action."[21]  Although we have never equitably tolled a limitations period without first applying the discovery rule, we have been clear that "[t]his is not to say that no party may ever qualify for equitable relief in the absence of such a delay in discovering the claim, but rather to illustrate the high bar this court has required those seeking such extraordinary relief to hurdle."[22]

¶ 11 To that end, "[t]he doctrine of equitable tolling should not be used simply to rescue litigants who have inexcusably and unreasonably slept on their rights, but rather to prevent the expiration of claims to litigants who, *through no fault of their own*, have been unable to assert their rights within the limitations period."[23]  "Under our traditional principles of equitable tolling, the party seeking equitable tolling must first show that he was

---

[18] *Burns v. Astrue*, 2012 UT 71, ¶ 7, 289 P.3d 551 (alteration in original) (footnote omitted) (internal quotation marks omitted).

[19] *Garza v. Burnett*, 672 F.3d 1217, 1221 (10th Cir. 2012) (quoting *Beaver Cnty. v. Utah State Tax Comm'n*, 2006 UT 6, ¶ 30, 128 P.3d 1187).

[20] *Beaver Cnty.*, 2006 UT 6, ¶ 29.

[21] *Burneau v. Martino*, 2009 UT 87, ¶ 23, 223 P.3d 1128.

[22] *Beaver Cnty.*, 2006 UT 6, ¶ 29.

[23] *Id.* ¶ 32 (emphasis added).

indeed disabled . . . from protecting his claim."[24] We have heretofore only found disability sufficient to warrant equitable tolling through application of the discovery rule. Today, we hold that an intervening change in controlling law that extinguishes a cause of action also constitutes disability sufficient to meet the high bar to warrant equitable tolling.[25]

¶ 12 It is not often that a timely filed claim retroactively becomes untimely because of a judicial decision. We recognize that "[t]hese shifting authorities have placed . . . [Mr.] Garza in an unusual position."[26] Officer Burnett argues that Mr. Garza is not entitled to equitable tolling because he has failed to show that he could not reasonably have complied with the limitations period. Officer Burnett's argument is premised on the fact that at the time Mr. Garza's conviction was reversed, Mr. Garza still had over fourteen months in which to timely file his complaint under *Wallace*, but failed to do so. Instead, Mr. Garza waited two years to do so. The flaw in Officer Burnett's argument can be traced to the fact that when Mr. Garza filed his complaint, it *was* timely under then-controlling circuit precedent. Statutes of limitations do not differentiate between plaintiffs who file as soon as their claims accrue and those who wait until the end of the limitations period. At bottom, Officer Burnett does not argue that Mr. Garza should have been more timely, but rather he is arguing that Mr. Garza should have been more prophetic. The law does not penalize parties for prophetic inadequacy.[27] Neither does the law punish people for circumstances that are completely out of their control.[28] Refusing to equitably toll the statute of limitations

---

[24] *Id.* ¶ 43.

[25] *See id.* ¶ 29.

[26] *Garza*, 672 F.3d at 1218.

[27] *See Houghton v. Dep't of Health*, 2005 UT 63, ¶ 23, 125 P.3d 860 ("[P]laintiffs should not be penalized because their notice of claim failed to accurately predict future developments in the law.").

[28] *See R.C.S. v. A.O.L. (In re Baby Girl T.)*, 2012 UT 78, ¶ 28, 298 P.3d 1251 ("It would fl[y] in the face of fundamental fairness . . . to allow a state agency's inaction to cut off the rights of fathers who . . . have complied with the Act to the extent they are capable." (alteration in original) (internal quotation marks omitted)).

under these circumstances would be manifestly unjust because Mr. Garza would lose his cause of action due to circumstances beyond his control and through no fault of his own.

¶ 13   Indeed, we are not the first court to address this question in the wake of *Wallace*.  *Wallace* turned *Heck* on its head for a number of jurisdictions.  Mr. Garza points to several district courts that have found that *Wallace* created circumstances sufficient to justify equitable tolling of the statute of limitations for plaintiffs whose claims were extinguished because of the change in controlling law.[29]

¶ 14  In consideration of the rationale underlying equitable tolling, we hold that when a change in controlling law extinguishes an individual's cause of action, equity will toll the statute of limitations to afford the plaintiff a reasonable period of time after the change in law to bring his claim.  Indeed, this is precisely the type of circumstance that merits equitable tolling.

---

[29] *Hargroves v. City of New York*, 694 F. Supp. 2d 198, 211–12 (E.D.N.Y. 2010) ("[T]he change in law occasioned by *Wallace* is the type of extraordinary circumstance that justifies equitable tolling. . . . Plaintiffs were diligent in pursuing their claims . . . and could not have predicted the still-years-away change in the law." (footnote omitted)), *rev'd on other grounds Hargroves v. City of New York,* 411 F. App'x 378 (2d Cir. 2011); *Wharton v. Cnty. of Nassau*, No. 07-CV-2137(RRM)(ETB), 2010 WL 3749077, at *4 (E.D.N.Y. Sept. 20, 2010) ("Plaintiffs, through no fault of their own, relied on then-authoritative Second Circuit precedent to their detriment, and strict application of *Wallace* would effectively deprive Plaintiffs of their cause of action. . . . [This is the] extraordinary circumstance for which equitable tolling now applies."); *Kennedy v. City of Villa Hills*, No. 07-122-DLB, 2008 WL 650341, at *5 (E.D. Ky. Mar. 6, 2008) ("The Court is not inclined to unilaterally punish Kennedy for circumstances not of his own making. . . . Under these circumstances, application of equitable principles is appropriate."); *Kucharski v. Leveille*, 526 F. Supp. 2d 768, 775 (E.D. Mich. 2007) ("[S]trict application of *Wallace* to this case effectively deprives the plaintiffs of their cause of action. . . . [T]his is the unusual case that fits neatly within the doctrine of equitable tolling.").

Accordingly, a plaintiff that files timely before the change in law renders the claim untimely will uniformly satisfy this reasonable period of time. As such, Mr. Garza is entitled to equitable tolling because his claim was timely under Tenth Circuit precedent as it existed at the time of filing but was rendered untimely retroactively by the intervening change in law effectuated by the Supreme Court's *Wallace* decision.

## CONCLUSION

¶ 15 We answer the Tenth Circuit's certified question in the affirmative: Under Utah law, an intervening change in controlling law that extinguishes a previously timely cause of action does merit equitable tolling of the statute of limitations.

––––––––––––