2017 UT App 17

# THE UTAH COURT OF APPEALS

LORI RAMSAY AND DAN SMALLING,
Petitioners,
*v.*
RETIREMENT BOARD AND KANE COUNTY HUMAN
RESOURCE SPECIAL SERVICE DISTRICT,
Respondents.

Opinion
No. 20150574-CA
Filed January 26, 2017

Original Proceeding in this Court

Brian S. King, Attorney for Petitioners

David B. Hansen and Erin L. Gill, Attorneys for
Respondent Retirement Board

Timothy C. Houpt, Mark D. Tolman, and C. Michael
Judd, Attorneys for Respondent Kane County
Human Resource Special Service District

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES
J. FREDERIC VOROS JR. and KATE A. TOOMEY concurred.

ORME, Judge:

¶1      Lori Ramsay and Dan Smalling seek judicial review of the
Utah State Retirement Board's entry of summary judgment in
favor of the Kane County Human Resource Special Service
District, which operates the Kane County Hospital. Ramsay and
Smalling contend that the board erred in granting summary
judgment because the equitable discovery rule tolled the
applicable statute of limitations. We uphold the board's decision.

BACKGROUND[1]

¶2      In 1993, the special service district, acting as a subdivision of the state of Utah, established a defined contribution program for its employees. Specifically, the district established a 401(k) program and offered to match a certain percentage of its employees' contributions to their accounts. Lori Ramsay and Dan Smalling, two employees of the hospital, enrolled in the 401(k) program in 1994 and 1995 respectively.

¶3      At some point in 2006 or 2007, for reasons not pertinent to this appeal, the Internal Revenue Service notified some of the hospital's employees that it had frozen their 401(k) accounts, prompting Ramsay to inquire of the Utah Retirement Systems (URS) about her retirement benefits. In addition to responding to Ramsay's inquiry, URS sent Ramsay a questionnaire that it used to determine a public employer's eligibility to participate in URS. Ramsay passed this questionnaire on to the hospital, which completed it and returned it to URS.

¶4      After receiving the completed questionnaire, URS informed the hospital that it was required to participate in URS. At this time, the hospital first learned that its retirement program did not comply with the Utah State Retirement and Insurance Benefit Act (the Act). Specifically, the hospital learned that the Act required public employers who provide a defined contribution program, like a 401(k), to also provide a defined benefit program, whereby employees receive pensions upon retirement. *See* Utah Code Ann. § 49-13-202(3) (LexisNexis

---

1. "In reviewing a district court's grant of summary judgment, we view 'the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party' and recite the facts accordingly." *Ockey v. Club Jam*, 2014 UT App 126, ¶ 2 n.2, 328 P.3d 880 (quoting *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600). We apply the same standard in reviewing a summary judgment entered in an administrative proceeding.

2015).[2] Although the hospital provided 401(k) benefits for its employees, it never contributed funds to URS for employee pensions. As a result, URS demanded that the hospital retroactively pay contributions to URS on behalf of all of its employees from 1993, when the hospital first offered the 401(k) plan, to 2009, when it elected nonparticipation in URS in accordance with a new statutory provision. *See supra* note 2. The hospital refused, and URS filed a Notice of Board Action.

¶5     Meanwhile, Ramsay and Smalling sued URS, the hospital, and an insurance agency that assisted the hospital in establishing the 401(k) program, seeking to recover their pension benefits. Each defendant moved to dismiss, arguing that Ramsay and Smalling failed to exhaust their administrative remedies by not pursuing their claims before the board. The district court agreed and dismissed that case. Afterward, Ramsay and Smalling intervened in the administrative proceeding pending before the board, initiated by URS against the hospital.

¶6     In 2013, the hospital filed a motion for summary judgment in that proceeding, arguing that URS's claim for recovery was limited to three years under the applicable statute of limitations. *See* Utah Code Ann. § 78B-2-305(4) (LexisNexis 2012). URS, along with Ramsay and Smalling, opposed the motion, arguing that the limitations period should be tolled under the equitable discovery rule. The board's hearing officer granted the hospital's motion, concluding that "[t]here is no evidence in the record that the Hospital actively or affirmatively

---

2. In 2009, the Utah Legislature amended the provision to allow special service district hospitals to "make an election of nonparticipation as an employer for retirement programs under this chapter." Utah Code Ann. § 49-13-202(5)(a)(i) (LexisNexis 2015). The hospital immediately elected nonparticipation in URS. Aside from this amendment, other changes to the relevant statutes have no bearing on the issues before us, so we otherwise cite the current codification of the statutes for ease of reference.

concealed its 401(k) plan from URS. Without such evidence, the concealment version of the equitable discovery rule does not apply." Thus, the hearing officer limited the hospital's liability to the three years immediately preceding its election of nonparticipation in URS.

¶7 Following the hearing officer's summary judgment order, the hospital settled with all but six of its current and former employees who had a claim to unpaid pension contributions arising during the three-year period.[3] It then paid contributions to URS for its employees who did not settle, including Ramsay and Smalling. Soon after, the board filed a motion to dismiss "because all issues in the Board's Request have been resolved and the case . . . is moot." The hearing officer granted the motion.

¶8 With URS's claims dismissed, the hospital sought dismissal of Ramsay's and Smalling's claims as well. In a motion for summary judgment, it argued that the claims for contributions between 2006 and 2009 were moot, because they had now been paid, and that the claims prior to 2006 were untimely, because they were outside the three-year window. In response, Ramsay and Smalling claimed that the limitations period should be tolled under the equitable discovery rule. The hearing officer granted the hospital's motion and dismissed Ramsay's and Smalling's claims, finalizing the administrative proceeding. Ramsay and Smalling now seek our review of the board's disposition.

---

3. In 2012, the Utah Legislature created a grant program to assist special service districts in resolving retirement liability. *See* Utah Code Ann. § 26-9-5 (LexisNexis 2013). The hospital utilized a grant, together with its own funds, to finance the settlements.

ISSUE AND STANDARD OF REVIEW

¶9 Ramsay and Smalling claim that the hearing officer erred when he refused to toll the three-year limitations period under the equitable discovery doctrine. "The applicability of a statute of limitations and . . . the discovery rule are questions of law, which we review for correctness." *Jensen v. Young*, 2010 UT 67, ¶ 10, 245 P.3d 731 (citation and internal quotation marks omitted).

ANALYSIS

¶10 The parties agree that the three-year limitations period applies to Ramsay's and Smalling's claims.[4] *See* Utah Code Ann. § 78B-2-305(4) (LexisNexis 2012). The parties also agree that more than three years have passed since most of their causes of action accrued. Ramsay and Smalling contend, however, that the hearing officer erroneously granted summary judgment with respect to these claims because the equitable discovery rule tolled the limitations period.[5]

---

4. Although Ramsay and Smalling refer in their opening brief to limitations law related to the Governmental Immunity Act of Utah, they concede in their reply brief that they "do not seek to raise that statutory discovery rule now." We therefore decline to analyze this act's limitations provisions.

5. Ramsay and Smalling also argue that the hospital was an employer "subject to the requirements" of the Act. But this proceeding for judicial review arises from a summary judgment motion in which the hospital stipulated, for the sole purpose of the motion, that it *was* an employer subject to the Act, so we have no occasion to consider the question.

## I. The Discovery Rule Does Not Apply to Ramsay's and Smalling's Claims.

¶11    Before we may consider whether the equitable discovery rule applies, Ramsay and Smalling must show, as a threshold matter, that they were unaware of "the facts underlying the cause of action in time to reasonably comply with the limitations period." *Berneau v. Martino*, 2009 UT 87, ¶ 23, 223 P.3d 1128. *See Garza v. Burnett*, 2013 UT 66, ¶ 10, 321 P.3d 1104 (treating this showing as "[a]n essential prerequisite to the application of the discovery rule"). Additionally, "[t]he limitations period is postponed only by belated discovery of key *facts* and not by delayed discovery of legal theories." *Anderson v. Dean Witter Reynolds, Inc.*, 920 P.2d 575, 579 (Utah Ct. App. 1996) (emphasis added).

¶12    Ramsay and Smalling claim they were unaware that the hospital's defined contribution plan "obligated [the hospital] to provide full retirement benefits," that the hospital "had an obligation to fund . . . service credits," and that they "were entitled to retirement benefits above and beyond the benefits they had been promised." These assertions, however, do not represent unknown facts. Rather, they are legal conclusions. Ramsay's and Smalling's contention that they did not "recognize the legal significance" of the plan is irrelevant.[6] Ignorance or

---

6. It is also unsurprising. Who would have guessed that an employer's well-intentioned design to help employees by establishing a 401(k) plan for them and matching their contributions would trigger the obligation to fund a pension for them as well? This "in for a dime; in for a dollar" philosophy would appear to be bad policy, as it would tend to chill public employers not in a position to fund the full array of URS benefits from offering at least something to their employees. And the Legislature came around to this view, at least as concerns special service district hospitals and nursing care facilities, and changed the law. *See supra* note 2.

obliviousness to the existence of a cause of action will not prevent the running of the statute of limitations. *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 20, 108 P.3d 741. The pertinent information was available to Ramsay and Smalling in the form of their 401(k) plans and a readily available published statute.[7] They simply failed to avail themselves of this information and to more timely assert their claim to pension contributions.

## II. Even If We Assume Ramsay and Smalling Made Their Initial Showing, They Are Not Entitled to Equitable Tolling.

¶13    Ramsay and Smalling argue that the discovery rule operates to toll the three-year statute of limitations. "Generally, a cause of action accrues and the relevant statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action[.]" *Warren v. Provo City Corp.*, 838 P.2d 1125, 1128–29 (Utah 1992) (citation and internal quotation marks omitted). Under certain circumstances, however, "the discovery rule may operate to toll the period of limitations until the discovery of facts forming the basis for the cause of action." *Walker Drug Co. v. La Sal Oil Co.*, 902 P.2d 1229, 1231 (Utah 1995) (citation and internal quotation marks omitted). The discovery rule applies

---

7. We recognize this is something of a legal fiction. Health professionals are not going to sit around reading the Utah Code. And no normal person, upon learning he or she can now participate in a 401(k), is going to think: "Wow. I bet this entitles me to a pension, too. I better check the applicable statutes." But so long as the hospital did not conceal information from Ramsay and Smalling and so long as no exceptional circumstances exist, there is no getting around the fact that once they were provided with a 401(k) by their public entity employer, they were aware of all the *facts* necessary to make a demand for pension contributions as well, under the law as it then existed. *See Anderson v. Dean Witter Reynolds, Inc.*, 920 P.2d 575, 579 (Utah Ct. App. 1996).

> (1) in situations where the discovery rule is mandated by statute; (2) in situations where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct; and (3) in situations where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.

*Warren*, 838 P.2d at 1129 (internal citations omitted). Statutes that mandate the application of the discovery rule contain a "statutory discovery rule." *See Russell Packard*, 2005 UT 14, ¶ 21. "'[C]oncealment' and 'exceptional circumstances,'" on the other hand, comprise the "equitable discovery rule." *Id.* at ¶ 25. Ramsay and Smalling do not claim that the discovery rule is mandated by statute. Instead, they focus their discussion on the other two variants of the discovery rule. We therefore do the same.

¶14 First, the concealment version of the equitable discovery rule tolls the limitations period if "a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct[.]" *Warren*, 838 P.2d at 1129. This is "essentially a claim of equitable estoppel, whereby a defendant who causes a delay in the bringing of a cause of action is estopped from relying on the statute of limitations as a defense to the action." *Id.* at 1129–30.

¶15 The hospital did nothing to prevent Ramsay and Smalling from discovering the full extent of their available retirement benefits. Indeed, the hospital was equally unaware of its obligation to provide such benefits. "In no case . . . is mere silence or failure to disclose sufficient in itself to constitute fraudulent concealment." *Colosimo v. Roman Catholic Bishop*, 2007 UT 25, ¶ 44, 156 P.3d 806 (brackets, citation, and internal quotation marks omitted). Thus, we conclude that the hospital

did not prevent Ramsay and Smalling from discovering their cause of action.

¶16    Second, under the exceptional circumstances prong of the equitable discovery rule, the limitations period is tolled "where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust." *Russell Packard*, 2005 UT 14, ¶ 25. Whether enforcing the limitations period would be unjust depends on a balancing test that weighs "[t]he hardship the statute of limitations would impose on the plaintiff . . . [against] any prejudice to the defendant from difficulties of proof caused by the passage of time." *Myers v. McDonald*, 635 P.2d 84, 87 (Utah 1981).

¶17    Ramsay and Smalling were not prejudiced by the application of the statute of limitations in the hospital's favor. Instead, they serendipitously received three years of unexpected pension benefits through the happenstance of a statute no longer applicable to them. In contrast, the hospital, in addition to suffering financial burdens from paying the "missed" benefits, would struggle in any suit it brought against the insurance agency who advised it, as more than two decades have passed since the agency assisted the hospital in establishing the 401(k) program, and the applicable statute of limitations has no doubt long since run. Such a suit would entail "surprise[] through the revival of [a claim] that [has] been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Id.* at 86 (citation and internal quotation marks omitted).

¶18    Because the hospital did not conceal the cause of action from Ramsay and Smalling, and because the application of the limitations period is not irrational or unjust, Ramsay and Smalling are not entitled to equitable tolling of the limitations period.

CONCLUSION

¶19    Ramsay and Smalling have not established that they lacked knowledge of essential *facts* relative to their claims against the hospital for unpaid pension contributions. Nor have they demonstrated that the hospital fraudulently concealed the existence of their causes of action or that the application of the statute of limitations was unjust. Accordingly, the hearing officer did not err in granting summary judgment to the hospital and in dismissing Ramsay's and Smalling's claims, and we decline to disturb the board's decision.

————————