2007 UT 24

**AARON AND MOREY BONDS AND BAIL, Petitioner,**

v.

**THIRD DISTRICT COURT, State of Utah, Salt Lake County, and Stephen Roth, District Court Judge, Respondents.**

Nos. 20060293, 20060294.

Supreme Court of Utah.

March 13, 2007.

Blake Nakamura, Salt Lake City, for petitioner.

Brent M. Johnson, Salt Lake City, for respondents.

PARRISH, Justice:

## BACKGROUND

¶ 1 On March 5, 2005, Aaron and Morey Bonds and Bail, as Surety, posted a bond for Gustavo Samaniego. When Samaniego failed to appear for his court date, the court clerk sent a timely notice of nonappearance to the Surety. The notice did not contain the fax number of the prosecutor, which the Surety argues is required by Utah Code section 77–20b–101(1)(b).

¶ 2 The Surety moved for relief from any further obligation under the bond, in accordance with Utah Code section 77–20b–101(3), and the district court denied the Surety's motion. The court held that the "technical omission" of the fax number did not preju-

dice the Surety and that the notice sent by the clerk substantially complied with the statute's requirements.

¶ 3 The Surety then petitioned for extraordinary relief, arguing that the district court abused its discretion when it denied the Surety's motion to exonerate the bond. The Surety claims that the district court made a mistake of law when it applied a substantial compliance standard to Utah Code section 77–20b–101(1)(b).

¶ 4 We conclude that the substantial compliance standard applied by the district court was appropriate in light of the statutory language and the lack of any prejudice suffered by the Surety. We therefore deny the Surety's petition for extraordinary relief.

## STANDARD OF REVIEW

¶ 5 Rule 65B of the Utah Rules of Civil Procedure allows a litigant to petition for extraordinary relief when a lower court abuses its discretion if no other "plain, speedy, or adequate remedy is available." Utah R. Civ. P. 65B(a). In this case, the Surety has no other available remedy because it is not a party to the underlying criminal action and is therefore unable to file a traditional appeal. *See State v. Sun Sur. Ins. Co.,* 2004 UT 74, ¶ 9 n. 1, 99 P.3d 818.

¶ 6 A mistake of law, like the one the Surety argues occurred here, may constitute an abuse of discretion for which extraordinary relief is available. *State v. Henriod,* 2006 UT 11, ¶ 4, 131 P.3d 232. However, even if an abuse of discretion is found, relief under rule 65B is still within the discretion of this court. *State v. Barrett,* 2005 UT 88, ¶ 24, 127 P.3d 682.

## ANALYSIS

¶ 7 This case turns on whether Utah Code section 77–20b–101(1)(b) requires strict or merely substantial compliance with its terms. This court has acknowledged that there is no universal rule of statutory construction to distinguish between statutes requiring strict or substantial compliance. *Kennecott Copper Corp. v. Salt Lake County,* 575 P.2d 705, 706 (Utah 1978). As a general guide, however, substantial compliance with a statutory provision is adequate when the provision is directory, meaning it goes "'merely to the proper, orderly and prompt conduct of the business,'" *id.* (quoting 1A *Sutherland Statutory Construction* § 25.03 (4th ed.1973)), and the policy behind the statute has still been realized. *Badger v. Madsen,* 896 P.2d 20, 23 (Utah Ct.App.1995). Additionally, a reviewing court should apply the substantial compliance standard only when "no prejudice occurs as a result of failure to follow the direction of the statute." *Bd. of Educ. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983); *accord Projects Unlimited, Inc. v. Copper State Thrift & Loan Co.,* 798 P.2d 738, 744 & n. 5 (Utah 1990).

¶ 8 Strict compliance, on the other hand, is required when failure to adhere to the statute "will affect a substantive right of one of the parties and possibly prejudice that party." *Tech–Fluid Servs., Inc. v. Gavilan Operating, Inc.,* 787 P.2d 1328, 1333 (Utah Ct.App.1990); *see also Wheeler v. McPherson,* 2002 UT 16, ¶ 11, 40 P.3d 632 (requiring strict compliance with governmental immunity statutes because the statutory provisions are conditions the government has placed on suits against itself); *Cache County v. Prop. Tax Div.,* 922 P.2d 758, 763 (Utah 1996) ("A designation is mandatory . . . if it is 'of the essence of the thing to be done.'" (quoting *Kennecott Copper Corp.,* 575 P.2d at 706)); *Bd. of Educ.,* 659 P.2d at 1033–35 (requiring strict compliance because of prejudice even though the statutory language appeared directory).

¶ 9 Legislative intent, as discerned from the wording of the statute, and possible prejudice to the moving party must therefore be evaluated when deciding whether strict compliance is required. To determine legislative intent, we turn first to the plain language of section 77–20b–101(1). *See State v. Schofield,* 2002 UT 132, ¶ 8, 63 P.3d 667; *Lyon v. Burton,* 2000 UT 19, ¶ 16–18, 5 P.3d 616; *Kennecott Copper Corp.,* 575 P.2d at 706. Pursuant to our rules of statutory construction, we interpret section 77–20b–101(1) in light of the statute as a whole and in harmony with related statutory provisions. *Schofield,* 2002 UT 132, ¶ 8, 63 P.3d 667.

¶ 10 Subsection (1) requires the clerk of the court to undertake four independent tasks if the court chooses to order a forfeiture of bail after a defendant's nonappearance. Utah Code Ann. § 77–20b–101(1) (2003) (amended 2006).[1] Under the statute, the clerk of the court shall (a) mail the surety "notice of nonappearance by certified mail . . . within 30 days"; (b) "notify the surety . . . of the name, address, telephone number, and fax number of the prosecutor"; (c) provide the prosecutor's office with a copy of the notice of nonappearance; and (d) ensure that the surety's contact information is stated on the bench warrant. *Id.*

¶ 11 When construed in light of related statutory provisions, we conclude that the fax number requirement contained in section 77–20b–101(1)(b) is directory rather than mandatory. First, the statute's plain language does not require that the prosecutor's fax number be included in the notice of nonappearance. Second, section 70–20b–101(3) relieves a surety of its obligation on a bond only if notice is not mailed to the surety pursuant to either section 70–20b–101(1) or 70–20b–101(2), and the provision requiring notice of the prosecutor's fax number is not located in either of those subsections. Third, the fact that the statute provides for alternative methods of notice—one of which does not even mention inclusion of the prosecutor's fax number—indicates that strict compliance with subsection (1) is unnecessary to fulfill the statutory purpose. We now explore each of these rationales in more detail.

¶ 12 The Surety first contends that the plain statutory language requires inclusion of the prosecutor's fax number in the mailed notice of nonappearance. We disagree. The notice obligation specified in subsection (1)(a) requires that the clerk of the court "mail notice of nonappearance by certified mail, return receipt requested," within thirty days of nonappearance. *Id.* The only mention of the prosecutor's fax number is found in subsection (1)(b), which requires that the clerk of the court notify the surety of the prosecutor's contact information, including his fax

number. *Id.* § 77–20b–101(1)(b). By its plain terms, the statute does not require that the prosecutor's contact information be included in the mailed notice. In fact, the court clerk could satisfy the requirement of subsection (1)(b) by periodically notifying surety holders—either in writing, by telephone, or through some other means—of the prosecutor's name, address, and phone and fax numbers. The fact that the statute does not articulate the method for providing the prosecutor's contact information to the surety implies that the notification requirements of subsection (1)(b) are procedural rather than substantive. The provision's importance lies in ensuring that the surety has the prosecutor's contact information, not in mandating the exact method by which that information is conveyed.

¶ 13 Second, the omission of the fax number is not a basis for exoneration under Utah Code section 77–20b–101(3). The Surety argues that the district court abused its discretion by denying petitioner's claim for exoneration of its bond obligation under 77–20b–101(3). But section 77–20b–101(3) provides a surety relief from its bond obligation only if "notice of nonappearance is not mailed" to the surety in accordance with subsection (1) or (2). *Id.* § 77–20b–101(3). In this case, the clerk of the court complied with the requirements of subsection (1)(a), the portion of subsection (1) that specifies the means and timing for mailing a notice of nonappearance. The clerk's failure to comply with subsection (1)(b) is not a basis for exoneration specified by the statute, further indicating that the provision requiring notification of the prosecutor's fax number is directory rather than mandatory.

¶ 14 Finally, when we consider the statute's use of "shall" and "may," the directory nature of the fax number requirement becomes more apparent. As previously stated, under subsection (3), the surety is entitled to relief from its bond obligation only if the court or prosecutor fails to provide notice pursuant to either subsection (1) or (2). Subsection (1) uses "shall" to describe the re-

---

**1.** The 2006 amendments to section 77–20b–101(1) are mostly stylistic and do not significant-ly change the requirements of the statute.

quired actions of the clerk after a defendant's nonappearance, implying that its provisions are mandatory.[2] *Id.* § 77–20b–101(1). But subsection (2) indicates that the prosecutor "*may* mail notice of nonappearance" to the surety within a designated period of time.[3] *Id.* § 77–20b–101(2) (emphasis added). Moreover, subsection (2) does not mention inclusion of the prosecutor's fax number. These provisions could give rise to a situation where the clerk of the court fails to adequately notify the surety in compliance with subsection (1) but the prosecutor informs the surety in compliance with subsection (2). In such an instance, the surety would not be relieved of its bond obligation under subsection (3), even though it never received notice of the prosecutor's fax number. This fact suggests that the surety is relieved of its bond obligation only in the absence of mailed notice—not simply because the mailed notice did not include the prosecutor's fax number.

■ ¶ 15 Having evaluated the statutory language, we now consider whether the Surety suffered prejudice because of the exclusion of the prosecutor's fax number. During oral argument, counsel for the Surety admitted that the fax number was incidental information and that its omission caused no prejudice to the Surety. In its memorandum in support of its petition, the Surety argues that in certain instances, none of which were present in this case, a fax number could be critical information necessary to notify the prosecutor of a defendant's whereabouts. The question, however, is not whether prejudice could hypothetically occur, but whether it actually

did occur in this case. *Projects Unlimited, Inc.*, 798 P.2d at 744 & n. 5; *Bd. of Educ.*, 659 P.2d at 1033–34.[4]

¶ 16 Here, the Surety received the mailed notice of nonappearance in compliance with subsection 77–20b–101(1)(a). The Surety was also notified of the prosecutor's office, address, and phone number in compliance with the bulk of subsection (1)(b). The Surety had adequate information to contact the prosecutor in the course of its attempts to locate the defendant and suffered no prejudice. We therefore conclude that the district court correctly applied the substantial compliance standard in this case.

## CONCLUSION

¶ 17 We deny petitioner's motion for extraordinary relief. The fax number requirement in Utah Code section 77–20b–101(1)(b) is directory rather than mandatory, and the district court correctly determined that the omission of the fax number did not prejudice the Surety. The district court's application of the substantial compliance standard was therefore justified and did not constitute an abuse of discretion for which extraordinary relief is warranted.

¶ 18 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.

2. Relying on *Springville Citizens for a Better Community v. City of Springville*, 1999 UT 25, 979 P.2d 332, the Surety argues that the "shall" language in the notification statute suggests that inclusion of the fax number is mandatory. In *Springville Citizens*, this court held that the city council could not substantially comply with ordinances that it itself had expressly made mandatory. *Id.* ¶ 29. The city council in that case, however, had passed a statute indicating that "shall" and "must" are always mandatory. *Id.* ¶ 27. Utah's bail bond statutes do not contain similar definitions. While "shall" is generally presumed to indicate a mandatory requirement, it has also been interpreted as merely directory. *Bd. of Educ.*, 659 P.2d at 1035 (citing *Kennecott*, 575 P.2d at 706–07).

3. The exact wording of subsection (2) is as follows: "The prosecutor may mail notice of nonappearance by certified mail, return receipt requested, to the address of the surety within 37 days after the date of the defendant's failure to appear." Utah Code Ann. § 77–20b–101(2) (2003) (amended 2006).

4. By finding no abuse of discretion by the district court in applying the substantial compliance standard, we do not deny that it would have been preferable had the clerk of the court met the precise statutory requirements. Rather, we hold only that, in this instance, given the directory nature of (1)(b) and the lack of prejudice, substantial compliance is adequate and does not constitute an abuse of discretion justifying extraordinary relief.