**2020 UT App 159**

# THE UTAH COURT OF APPEALS

ICS CORRECTIONS INC.,
Petitioner,

*v.*

UTAH PROCUREMENT POLICY BOARD, GLOBAL TEL*LINK
CORPORATION, JARED GARDNER, UTAH DIVISION OF PURCHASING
AND GENERAL SERVICES, CHRISTOPHER HUGHES, AND
STATE OF UTAH.
Respondents.

Opinion
No. 20191006-CA
Filed November 19, 2020

Original Proceeding in this Court

James W. Anderson and Taymour B. Semnani,
Attorneys for Petitioner

Brent O. Hatch and Tera J. Peterson, Attorneys for
Respondent Global Tel*Link Corporation

Sean D. Reyes and Brent A. Burnett, Attorneys for
Respondents Utah Procurement Policy Board, Jared
Gardner, Utah Division of Purchasing and General
Services, Christopher Hughes, and State of Utah

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES KATE APPLEBY and DAVID N. MORTENSEN
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     ICS Corrections Inc. (ICS) asks us to review the Utah
Procurement Policy Board's (the Board) dismissal of its appeal of
a decision of the Utah Division of Purchasing and General
Services (the Division). We decline to disturb the Board's
decision.

## BACKGROUND

¶2 In 2019, the State of Utah solicited competitive bids to provide inmate telephone services to the Utah Department of Corrections and Salt Lake County. CenturyLink Inc., through its wholly owned subsidiary, CenturyLink Public Communications Inc., (collectively, CenturyLink) submitted a bid, but the Division went with another contractor, Global Tel*Link Corporation. CenturyLink protested that decision, but the Division rejected the protest in a written decision (the Protest Decision). CenturyLink then appealed the Protest Decision to the Board, but the Board dismissed the appeal because CenturyLink failed to attach a copy of the Protest Decision to its appeal. CenturyLink petitioned us to review the dismissal.

¶3 While the case was pending in this court, CenturyLink Public Communications Inc. was sold in a stock purchase agreement and renamed ICS Corrections Inc. CenturyLink moved to substitute ICS as the sole petitioner in this case, and we granted that motion.

## ISSUE AND STANDARD OF REVIEW

¶4 ICS asks us to overturn the Board's dismissal of CenturyLink's appeal. We "may not overturn a finding, dismissal, or decision" of the Board "unless the finding, dismissal, or decision, is arbitrary and capricious or clearly erroneous." Utah Code Ann. § 63G-6a-1802(4)(c) (LexisNexis 2019).

## ANALYSIS

¶5 Utah Code sections 63G-6a-1702 and -1703 set forth the requirements for filing an appeal with the Board. One of the requirements states that the "notice of appeal . . . shall . . . be

accompanied by a copy of any written protest decision." Utah Code Ann. § 63G-6a-1702(2)(b) (LexisNexis 2019).

¶6    ICS urges us to interpret this provision as directory, rather than mandatory, and accordingly hold that substantial compliance with the provision, rather than strict compliance, is sufficient to avoid dismissal of the appeal. *See Aaron & Morey Bonds & Bail v. Third Dist. Court*, 2007 UT 24, ¶ 7, 156 P.3d 801 ("Substantial compliance with a statutory provision is adequate when the provision is directory, meaning it goes merely to the proper, orderly and prompt conduct of the business, and the policy behind the statute has still been realized." (quotation simplified)). ICS maintains that CenturyLink substantially complied by providing a copy of the Protest Decision one business day after filing the appeal and that the delay did not prejudice any party.

¶7    To determine whether strict compliance with a provision is required, we look to legislative intent. *See id.* ¶ 9. And "[t]o determine legislative intent, we turn first to the plain language" of the statute. *Id.* Moreover, "[p]ursuant to our rules of statutory construction," we interpret a statutory provision "in light of the statute as a whole and in harmony with related statutory provisions." *Id.*

¶8    After section 63G-6a-1702 outlines the requirements for filing an appeal with the Board, it continues with instructions for how the Board is to process the appeal. Notably, it dictates that within seven days of receiving an appeal, "the appointing officer *shall* . . . dismiss any claim asserted in the appeal, or dismiss the appeal, without holding a hearing if the appointing officer determines that the claim or appeal, respectively fails to comply with *any* of the requirements" in section 63G-6a-1702(2)–(4) or -1703. Utah Code Ann. § 63G-6a-1702(5)(b) (emphasis added). By unequivocally directing the appointing officer to dismiss the appeal if the appeal "fails to comply with *any* of the

requirements," *see id.* (emphasis added), the statute's plain language makes it clear that the legislature intended to make the requirements mandatory. *Cf. Pugh v. Draper City*, 2005 UT 12, ¶¶ 3, 15–17, 114 P.3d 546 (explaining that language in a statute requiring election officers to remove a candidate's name from the ballot if the candidate failed to timely file an interim report of campaign contributions and expenditures supported a determination that the filing deadline was mandatory). And thus, strict compliance was required. *See Moore v. Schwendiman*, 750 P.2d 204, 206 (Utah Ct. App. 1988) ("[O]ne must comply precisely with a mandatory requirement or the transaction or process is invalidated.").

¶9     "Once [a] statute is determined to require strict compliance, all bets are off for any actions other than exactness." *Salt Lake City Corp. v. Kunz*, 2020 UT App 139, ¶ 35. Thus, the Board did not clearly err, nor did it act arbitrarily or capriciously, in dismissing CenturyLink's appeal.

CONCLUSION

¶10     In light of the statutory language, it is clear that the requirements for filing an appeal with the Board demand strict compliance. The failure to strictly comply justified the Board's dismissal of the appeal. Accordingly, we decline to disturb the Board's dismissal decision.

_____