# 2022 UT 24

IN THE

# SUPREME COURT OF THE STATE OF UTAH

ICS CORRECTIONS, INC.,
*Petitioner*,

*v.*

THE UTAH PROCUREMENT POLICY BOARD[1]
*Respondent*.

No. 20200930
Heard October 18, 2021
Filed June 23, 2022

On Certiorari to the Utah Court of Appeals

Attorneys:

James W. Anderson, Walter A. Romney, Jr., Timothy R. Pack,
Trenton L. Lowe, Salt Lake City, for petitioner

Brent O. Hatch, Tera J. Peterson, Salt Lake City, for respondent
Global Tel*Link Corporation

Sean D. Reyes, Att'y Gen., Stanford E. Purser, Deputy Solic. Gen.,
Salt Lake City, for respondent State of Utah

JUSTICE PETERSEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE, JUSTICE
PEARCE, and JUSTICE HIMONAS[*] joined.

JUSTICE HAGEN became a member of the Court on May 18, 2022,
after oral argument in this matter, and accordingly did not
participate.

---

[1] The other named Respondents are: GLOBAL TEL*LINK
CORPORATION, JARED GARDNER, STATE OF UTAH DIVISION OF
PURCHASING AND GENERAL SERVICES, CHRISTOPHER HUGHES, and
STATE OF UTAH.

[*] Justice Himonas sat on this case and voted prior to his
retirement on March 1, 2022.

JUSTICE PETERSEN, opinion of the Court:

## INTRODUCTION

¶1 CenturyLink Public Communications provided telecommunication services to inmates housed by Salt Lake County and the Utah Department of Corrections. But in August 2019, the Utah Division of Purchasing and General Services (the Division) solicited competitive bids for this service, and it awarded a multi-year telecommunications contract to another bidder—Global Tel*Link Corporation (GTL). CenturyLink protested the decision to the Division. And the Division rejected the protest on the merits (protest decision). CenturyLink appealed the protest decision to the Utah Procurement Policy Board (the Board). But the Board dismissed the appeal due to a procedural failure: CenturyLink had failed to include "a copy of [the] written protest decision" with its notice of appeal. UTAH CODE § 63G-6a-1702(2)(b)(ii); UTAH ADMIN. CODE r. 33-17-101.5(1)(b)(iii). CenturyLink corrected the error one business day after filing the notice of appeal, which was one day after the expiration of the appeal deadline. The Board found this to be insufficient.

¶2 CenturyLink appealed the dismissal to the court of appeals. The court of appeals ultimately declined to disturb the Board's decision, holding that the statutory requirements outlined in the relevant sections of the Utah Procurement Code compel strict compliance with their terms. *ICS Corr. Inc. v. Utah Procurement Pol'y Bd.*, 2020 UT App 159, ¶ 8, 478 P.3d 1046. The court concluded that because CenturyLink had failed to strictly comply with the statutory requirement that a copy of the protest decision be appended to the notice of appeal submitted to the Board, the Board had neither clearly erred nor acted arbitrarily or capriciously in dismissing the appeal. *Id.* ¶ 9.

¶3 The case is now before us on certiorari. While this case was pending in the court of appeals, CenturyLink was sold and renamed ICS Corrections, Inc. (ICS). CenturyLink moved to substitute ICS as the appellant in the matter, and the court of appeals granted that motion. *Id.* ¶ 3. So ICS is the petitioner before us on certiorari.

¶4 We acknowledge ICS's argument that substantial compliance should be sufficient in this circumstance, where the noncompliance at issue was a procedural processing error, CenturyLink remedied the error within one business day, and it was therefore arguably harmless. But we are bound by the language of the applicable statute. And the Legislature has

unequivocally required the Board to dismiss an appeal where the appellant has failed to attach a copy of the protest decision to its notice of appeal within the appeal deadline. Accordingly, we must affirm.

## BACKGROUND

¶5 In August 2019, the State of Utah, through its Division of Purchasing and General Services, solicited competitive bids for the provision of inmate telecommunication services to Salt Lake County and the Utah Department of Corrections. CenturyLink, the incumbent provider, submitted a bid, but the Division awarded the contract to GTL.

¶6 CenturyLink protested the award, and GTL moved to intervene. The protest officer declined to hold a hearing, instead dismissing CenturyLink's protest on the grounds that the Procurement Code grants substantial discretion to the State in selecting potential contractors, and the record made clear that the State had acted within its authority in awarding the contract to GTL.

¶7 Exactly seven days after the Division issued the protest decision, CenturyLink submitted a notice of appeal to the Board. *See* UTAH CODE § 63G-6a-1702(2)(a) ("Subject to [certain requirements], a protestor may appeal to the board a protest decision of a procurement unit . . . by filing a written notice of appeal . . . within seven days after . . . the day on which the written decision [is issued].").

¶8 One business day later, the Board Chair confirmed receipt of CenturyLink's notice of appeal, but noted he was unable to locate the protest decision that, under Utah Code subsection 63G-6a-1702(2)(b)(ii), should have "accompanied" the notice. Later that day, CenturyLink submitted an updated notice of appeal containing the protest decision as an exhibit.

¶9 The Board dismissed the appeal. It noted that consistent with Utah Code subsection 63G-6a-1702(2)(a), CenturyLink had submitted a written notice of appeal that was received within the seven-day deadline. But contrary to subsection 1702(2)(b)(ii) and Utah Administrative rule 33-17-101.5(1)(b)(iii), CenturyLink had "failed to include the required copy of the written protest decision issued by the protest officer." The Board then explained that subsection 1702(5)(b)(ii) of the statute compels the "appointing officer," the Board Chair in this case, to "dismiss the appeal, 'without holding a hearing[,] if the appointing officer determines

that the . . . appeal . . . fails to comply with any of the requirements listed in Subsection 5(b)(i).'" (Quoting Utah Code § 63G-6a-1702(5)(b)(ii)(A).) And the Board clarified that compliance with subsection 1702(2)(b)(ii)—under which "[a] notice of appeal . . . shall . . . be accompanied by a copy of any written protest decision"—is among the requirements listed in subsection 1702(5)(b)(i). *See* Utah Code § 63G-6a-1702(2)(b)(ii), 1702(5)(b)(i). Accordingly, because CenturyLink had failed to provide the Board with a copy of the protest decision within the filing deadline of November 22, 2019, the Board concluded it had no choice but to dismiss the appeal.

¶10 CenturyLink appealed the Board's decision to the court of appeals. Relying on precedent from this court, it argued that substantial compliance, rather than strict compliance, was sufficient to avoid dismissal because subsection 1702(2)(b)(ii) is "directory, rather than mandatory." *ICS Corr. Inc. v. Utah Procurement Pol'y Bd.*, 2020 UT App 159, ¶ 6, 478 P.3d 1046 (referencing *Aaron & Morey Bonds & Bail v. Third Dist. Court*, 2007 UT 24, ¶ 7, 156 P.3d 801 ("[S]ubstantial compliance with a statutory provision is adequate when the provision is *directory*, meaning it goes merely to the proper, orderly and prompt conduct of the business, and the policy behind the statute has been realized.") (emphasis added) (citation omitted) (internal quotation marks omitted)); *see also Kennecott Copper Corp. v. Salt Lake Cnty*, 575 P.2d 705, 706 (Utah 1978) ("Generally those *directions* which are not of the essence of the thing to be done, . . . and by the failure to obey no prejudice will occur to those whose rights are protected by the statute, are not commonly considered mandatory.") (emphasis added). And CenturyLink argued that it had substantially complied with the provision by providing the Board with the protest decision one business day after filing its notice of appeal. *ICS Corr. Inc.*, 2020 UT App 159, ¶ 6.

¶11 The court of appeals found CenturyLink's argument unpersuasive. It reasoned that because subsection 1702(5)(b)(ii) of the statute "unequivocally direct[s] the appointing officer to dismiss the appeal if the appeal 'fails to comply with *any* of the requirements' in section 63G-6a-1702(2)–(4) or -1703," including the requirement at subsection 1702(2)(b)(ii) that a copy of the protest decision accompany the notice of appeal, the plain language of the statute makes clear the intention of the legislature to make those requirements mandatory. *Id.* ¶ 8 (quoting Utah Code § 63G-6a-1702(5)(b)). It therefore held, in accordance with the relevant statutory standard of review, that the Board had

neither clearly erred nor acted arbitrarily or capriciously in dismissing CenturyLink's appeal. *ICS Corr. Inc.*, 2020 UT App 159, ¶ 9.

¶12 We granted certiorari to consider whether the Court of Appeals erred in affirming the Procurement Policy Board's dismissal of CenturyLink's—now ICS's—appeal.

¶13 We exercise jurisdiction pursuant to Utah Code section 78A-3-102(3)(a).

## STANDARD OF REVIEW

¶14 "On certiorari, this court reviews the decision of the court of appeals for correctness, giving no deference to its conclusions of law." *Donovan v. Sutton*, 2021 UT 58, ¶ 15, 498 P.3d 382 (citation omitted). ICS argues that this is the only standard pertinent to our review. But "[t]he correctness of the court of appeals' decision turns, in part, on whether it accurately reviewed the [lower tribunal's] decision under the appropriate standard of review." *State v. Evans*, 2021 UT 63, ¶ 20, 500 P.3d 811 (citation omitted). "In other words, [i]n reviewing the court of appeals' decision[,] we apply the same standard of review that it would apply in reviewing the decision of the [lower tribunal]." *Drew v. Pac. Life Ins. Co.*, 2021 UT 55, ¶ 34, 496 P.3d 201 (first and second alterations in original) (citation omitted).

¶15 Relevant here, the court of appeals "may not overturn a finding, dismissal, or decision" of the Board "unless the finding, dismissal, or decision, is arbitrary and capricious or clearly erroneous." UTAH CODE § 63G-6a-1802(4)(c). A decision in this context is arbitrary and capricious if "[t]here is no reasonable basis for the . . . decision and, given the same facts and evidence . . ., a reasonable person could not have reached the same decision." UTAH ADMIN. CODE r. 33-17-101.10(1)(b). A decision is clearly erroneous if it is "against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made . . . ." *State v. Walker*, 743 P.2d 191, 193 (Utah 1987).

## ANALYSIS

¶16 Section 1702 of the Utah Procurement Code, subject to section 1703, provides a process for appealing to the Board a protest decision of a procurement unit. It states that "a protestor may appeal to the board a protest decision of a procurement unit . . . by filing a written notice of appeal with the chair of the board within seven days" after the protest decision is issued. UTAH

CODE § 63G-6a-1702(2)(a), -1702(2)(a)(i). Subsection 1702(2)(b) then provides that "[a] notice of appeal . . . shall: (i) include the address of record and email address of record of the party filing the notice of appeal; and *(ii) be accompanied by a copy of any written protest decision.*" *Id.* § 63G-6a-1702(2)(b)(i)-(ii) (emphasis added). The dispute in this case centers on whether the latter requirement in subsection 1702(2)(b)(ii) compels strict or merely substantial compliance.

¶17 ICS argues that the court of appeals was wrong in holding that strict compliance with this provision is necessary to avoid dismissal of an appeal to the Board. ICS relies upon precedent in which we have set forth a "general guide" to distinguish between statutes requiring strict versus substantial compliance. *Aaron & Morey Bonds & Bail v. Third Dist. Ct.*, 2007 UT 24, ¶ 7, 156 P.3d 801. Among other cases, ICS cites *Aaron & Morey Bonds & Bail v. Third Dist. Ct.*, which states that "substantial compliance with a statutory provision is adequate when the provision is directory, meaning it goes merely to the proper, orderly and prompt conduct of the business, and the policy behind the statute has been realized." *Id.* (citation omitted) (internal quotation marks omitted). That case goes on to explain that "[s]trict compliance, on the other hand, is required when failure to adhere to the statute will affect a substantive right of one of the parties and possibly prejudice that party." *Id.* at ¶ 8 (citation omitted) (internal quotation marks omitted).

¶18 ICS contends that under this precedent, substantial compliance is sufficient here because: (1) the requirement at issue relates solely to the administration of business before the agency and it is therefore directory; (2) the policy animating the statute was not frustrated by CenturyLink's failure to include the protest decision with its notice of appeal; and (3) no prejudice resulted to either the Board or GTL from the omission. ICS argues that by providing a copy of the protest decision one business day after it filed its notice of appeal, it substantially complied with the relevant requirement. Accordingly, ICS asks us to reverse the court of appeals and reinstate the appeal before the Board.

¶19 GTL argues that ICS's reliance on these guidelines is misplaced. GTL contends that we need not look past the plain language of the statute to determine that the requirement here demands strict compliance. Specifically, GTL points to the statute's use of the word "shall" — "A notice of appeal . . . *shall*: . . . (ii) be accompanied by a copy of any written protest decision,"

UTAH CODE § 63G-6a-1702(2)(b)(ii)—which the Legislature has explicitly defined as "mean[ing] that an action is required or mandatory." (Quoting UTAH CODE § 68-3-12(1)(j).) GTL also notes that the word "shall" is present both in the Utah Procurement Code and in the administrative rules governing appeals from the Division to the Board, and it argues that this provides further evidence of legislative intent. *See* UTAH CODE § 63G-6a-1702(2)(b) and UTAH ADMIN. CODE r. 33-17-101.5(1)(b)(iii) *respectively*. Finally, GTL argues that the legislature's inclusion of an explicit consequence for failure to append the written protest decision— by directing the appointing officer to dismiss any noncompliant appeal—indicates that strict compliance is required. *See* UTAH CODE § 63G-6a-1702(5)(b). On these bases, GTL argues that the court of appeals correctly affirmed the Board's dismissal.[2] We conclude that GTL's final argument is dispositive here.

¶20 When determining whether a statute demands strict compliance or permits substantive compliance with a particular requirement, the first step is to examine the statutory language itself. "When interpreting a statute, our primary objective is to ascertain the intent of the legislature." *McKitrick v. Gibson*, 2021 UT 48, ¶ 19, 496 P.3d 147 (citation omitted). Because the plain language of the statute offers the best evidence of legislative intent, we begin with the statutory text. *Rosser v. Rosser*, 2021 UT 71, ¶ 42, 502 P.3d 294. But we do not interpret statutory terms in isolation. *McKitrick*, 2021 UT 48, ¶ 19. Rather, we "determine the meaning of the text given the relevant context of the statute . . . including . . . the structure and language of the statutory scheme[]." *Id.* (citation omitted).

---

[2] GTL also argues that even if we were to determine that substantial compliance with the statute is sufficient, the court of appeals correctly affirmed the Board because, in the absence of a "prior decision instructing the Board that the requirement to attach a written protest decision to a notice of appeal is directory and not mandatory," the Board did not clearly err nor act arbitrarily in dismissing the appeal. We note that GTL did not analyze how a mistake of law by the Board corresponds with the clearly erroneous or arbitrary and capricious standard of review. However, we need not address this argument, because we do not find that the Board made a legal error in dismissing ICS's notice of appeal.

¶21 Much of the debate between the parties centers on whether the term "shall" in subsection 1702(2)(b)(ii) is indicative of a mandatory or a directory requirement—in other words, whether strict compliance is mandatory, or substantial compliance is acceptable. UTAH CODE § 63G-6a-1702(2)(b)(ii) ("A notice of appeal . . . *shall*: . . . (ii) be accompanied by a copy of any written protest decision."(emphasis added)). But while, as GTL notes, the legislature has explicitly stated that "[s]hall means that an action is required or mandatory," *id.* § 68-3-12(1)(j), this does not necessarily tell us whether substantial compliance may be sufficient to avoid dismissal. Rather, it simply informs us that the protesting party *must* comply with the provision.

¶22 But as the court of appeals astutely observed, after section 1702 "outlines the requirements for filing an appeal with the Board, it continues with instructions for how the Board is to process the appeal." *ICS Corr. Inc. v. Utah Procurement Pol'y Bd.*, 2020 UT App 159, ¶ 8, 478 P.3d 1046. And the statute provides a specific consequence for failure to comply with the requirements in subsection 1702(2)(b)(ii)—which includes the requirement that a copy of the protest decision be included with the notice of appeal.

¶23 First, within seven days after receiving the written notice of appeal, the chair of the board must "submit a written request to the protest officer for the protest appeal record." UTAH CODE § 63G-6a-1702(5)(a). Then, "[w]ithin seven days after the chair receives the protest appeal record from the protest officer," subsection 1702(5)(b) directs that "the appointing officer *shall* . . . dismiss the appeal, without holding a hearing[,] if the appointing officer determines that the . . . appeal . . . fails to comply with *any* of the requirements" in subsections 1702(2)–(4) or section 63G-6a-1703.[3] UTAH CODE § 63G-6a-1702(5)(b), -1702(5)(b)(ii)

---

[3] We note that both parties have assumed that the statute requires a review by the Board within seven days *of the filing of the notice of appeal* (and subsequent dismissal if that notice of appeal does not comply with the statutory requirements). *See also ICS Corr. Inc. v. Utah Procurement Pol'y Bd.*, 2020 UT App 159, ¶ 8, 478 P.3d 1046. But that is incorrect. The statute sets forth two successive seven-day periods: First, subsection 1702(5)(a) directs the chair of the board to "submit a written request to the protest officer for the protest appeal record" *within seven days after*

(continued . . .)

*(emphases added).*[4] As discussed, these requirements include appending a copy of the written protest decision to the notice of appeal. And by unequivocally directing the appointing officer to dismiss any appeal that does not meet this requirement, the statute makes clear that anything short of strict compliance will result in dismissal.

¶24 "Our courts use a 'plain meaning' approach to statutory interpretation." *Oliver v. Utah Lab. Comm'n*, 2017 UT 39, ¶ 19, 424 P.3d 22 (citation omitted). Under this approach, we do not look beyond the statute's plain language "unless there is ambiguity in the statute." *Id.* So here, it is dispositive that subsection 1702(5)(b)(ii) unambiguously directs the appointing officer to dismiss any noncompliant appeal, with specific reference to the requirement that the appellant provide a copy of the Division's protest decision alongside the notice of appeal within the appeal deadline.

¶25 We note that ICS's argument to the contrary relies upon caselaw that provides a framework for gap-filling where the terms of a statute are *not* clear as to the ramification for non-compliance with a particular provision. Indeed, none of the cases on which ICS relies involved statutes with a clear consequence for the failure to comply with the statutory provision implicated. *See, e.g.*, *Grazer v. Jones*, 2012 UT 58, ¶¶ 14, 21, 22, 289 P.3d 437 (involving rule 69C(c) of the Utah Rules of Civil Procedure, which did not

---

*receiving the written notice of appeal*. UTAH CODE § 63G-6a-1702(5)(a). Then, "[w]ithin seven days *after the chair receives the protest appeal record from the protest officer*," subsection 1702(5)(b)(i)-(ii) directs the appointing officer to "review the appeal" and dismiss it if it fails to comply with the requirements in subsections 1702(2)–(4) or section 63G-6a-1703. UTAH CODE § 63G-6a-1702(5)(b) (emphasis added). Here, the chair dismissed the appeal five days after the filing of the notice of the appeal, and the parties do not know if the sequence outlined in these subsections was followed. But ICS has not raised an argument that its appeal was reviewed and dismissed too quickly, so we do not address it further. We make these observations only to clarify the review process outlined in subsections 1702(5)(a)–(b), which the parties have misconstrued.

[4] As noted, in this case, the chair and the appointing officer were the same person.

include a specific repercussion for the deficiency at issue, and rule 69C(e) which did provide that failure to file a notice of costs resulted in waiver, but was silent as to when such a notice had to be filed); *Aaron & Morey Bonds & Bail v. Third Dist. Ct.*, 2007 UT 24, ¶ 13, 156 P.3d 801 (holding that a requirement that the court clerk include the prosecutor's fax number in a notice of nonappearance was directory where the clerk's failure to comply with the requirement was not specified by the statute as a basis for exoneration); *Kennecott Copper Corp. v. Salt Lake Cnty.*, 575 P.2d 705, 705, 707 (Utah 1978) (holding that a deadline was directory where the statute included no consequence for the county commission's failure to meet the deadline); *Salt Lake City v. Haik*, 2014 UT App 193, ¶¶ 23, 39, 334 P.3d 490 (affirming the district court's grant of summary judgment to the city because the records sought were protected by GRAMA and "GRAMA does not state the consequences to be applied if the governmental entity does not strictly comply with these notice requirements"). So this line of cases is instructive in instances where the statutory scheme lacks an explicit consequence for a party's failure to comply with a given requirement. But that is not the case here, where the clear statutory consequence for failure to append the protest decision by the filing deadline is dismissal.

¶26 We conclude that the plain language of the statute required the Board to dismiss ICS's appeal once it determined that ICS had failed to file a notice of appeal within the applicable 7-day deadline that was "accompanied by [the] written protest decision." The Board therefore neither clearly erred nor acted arbitrarily or capriciously in dismissing the appeal. And the court of appeals was correct to uphold the Board's dismissal.

## CONCLUSION

¶27 We hold that where the legislature has dictated a clear consequence for the failure to comply with a requirement, the plain language controls and strict compliance with the statutory term, or the resulting consequence for non-compliance, is required. And we affirm based on the plain language of the statute here. The court of appeals rightly concluded that Utah Code section 63G-6a-1702(5)(b) gives an appointing officer no choice but to dismiss a noncompliant appeal. And it correctly held that the Board had therefore neither clearly erred nor acted arbitrarily or capriciously in dismissing ICS's appeal on that basis. We affirm.

---